Grafton, }
Dec., 1896. }

HALLETT, *Adm'r, & a.* v. PARKER *& a.*

The wife of one who, at the time he receives title to land, executes a bond to convey it in which she does not join, acquires no interest in the premises as against those claiming under the bond; but her apparent right of dower may be a cloud upon the title, which the vendee is entitled to have removed.

BILL IN EQUITY, praying that the defendants, Ira Parker and his wife, Mandane A. Parker, be required to convey to the plaintiffs the Oak Hill House.

March 7, 1894, Ira received a deed of the Oak Hill House property, and on the same day he gave a bond to George Farr

and Eliza C. Farr to convey to them the same premises upon certain conditions, which have been fulfilled. Mandane did not sign the bond. A decree was made directing Ira to make conveyance of the premises to the plaintiffs by good and sufficient deed of warranty, with Mandane joined as grantor in said conveyance as the wife of Ira for the release of all her rights of dower and homestead in the premises and any other rights she might have in the same. To this decree the defendants excepted on the ground that Mandane, not being a party to the contract, is under no obligation to join in the deed.

*Bingham, Mitchell & Batchellor* and *Drew, Jordan & Buckley,* for the plaintiffs.

*George H. Bingham,* for the defendants.

WALLACE, J. The only question raised is whether Mandane should have been required by the decree to join her husband in the conveyance of the land described in the bond to the plaintiffs. He executed and delivered to the plaintiffs the bond to convey the land to them at the same time he received the deed. The reception of the deed and the giving of the bond were simultaneous acts and parts of the same transaction. He never owned the land when he was not under an equitable obligation to convey it. He never had any interest in it independent of the agreement to convey embodied in the bond. His wife has no more interest in the premises than she would have in land of which her husband's seizin was instantaneous, or which he was under obligation to convey at the time of marriage. *Adams* v. *Hill,* 29 N. H. 202; *Hunkins* v. *Hunkins,* 65 N. H. 95.

Ira held the land in controversy in trust for George Farr and Eliza C. Farr, to be conveyed to them upon the performance of the condition of the bond. The widow of a trustee does not have dower in the lands held in trust by her husband. *Hopkinson* v. *Dumas,* 42 N. H. 296, 306; 1 Wash. R. P. *162; 1 Per. Tr., s. 322.* Mandane has no inchoate right of dower or other interests in the lands in question. There is, therefore, no necessity for her to sign the deed which her husband is required to give the plaintiffs.

Her apparent right is, however, a cloud on the plaintiffs' title, from which they are entitled to relief, as the facts which show its invalidity do not appear upon the record, but must be shown by other evidence. *Eastman* v. *Thayer,* 60 N. H. 408, 413; *Perham* v. *Fiber Co.,* 64 N. H. 2.

As she is a party to the suit, the cloud can be removed by a decree declaring her claim invalid and enjoining her from ever asserting it. The decree will be modified in accordance with the views here expressed.

*Exception sustained.*

PIKE, J., did not sit: the others concurred.