DAVID deCLIFFORD POFFENBERGER *vs.* JOSEPH P. NICHOLS and LUCIUS C. JONES, bailiff.

LANDLORD AND TENANT—TERMINATION OF LEASE—NOTICE.

25 *Del. Laws, c.* 239, provides that leases made after June 25, 1909, not limiting the term, shall terminate June 25th next ensuing, provided, if such lease be made more than 3 months before June 25th next ensuing, said lease shall be extended one year from said date, unless one of the parties gives notice of intent to terminate, A lease for 6 months ended March 5, 1910, when the tenant held over, paying the same rent until June 25, 1910, when he quit. *Held,* that the tenant holding over continued the original lease, containing a provision limiting the term, and such holding over did not create a new agreement subject to the statute, and the tenant, not having given notice, was liable for rent.

(<em>December</em> 23, 1910.)

PENNEWILL, C. J., and BOYCE and HASTINGS, J. J., sitting.

*Levin Irving Handy* for plaintiff.

*Francis H. Hoffecker* for defendants.

Superior Court, New Castle County, November Term, 1910.

ACTION OF REPLEVIN (No. 79, September Term, 1910) of property taken upon distress by bailiff of landlord for rent in arrear.

Case stated. The facts of the case are stated in the opinion.

HASTINGS, J., delivering the opinion of the court:—This case comes before the court upon an agreed statement of facts, the substance of which is as follows:

"The said Joseph P. Nichols, by his bailiff, Lucius C. Jones, acting under the landlord's warrant of the said Nichols, seized the goods and chattels of the said plaintiff in distraint for rent of the premises known as No. 1409 West Eighth street, in the city of Wilmington, for the month extending from the 25th day of June, A. D. 1910, to the 25th day of July, A. D. 1910. And thereupon the said plaintiff sued out his writ of replevin in this cause and recovered the said goods and chattels so taken in distraint for rent. Upon the filing of the declaration in replevin by the plaintiff in this cause, the defendants avowed the taking of the said goods and chattels and claimed that the said goods and chattels were taken in distraint for rent of twenty ($20) dollars due and in arrear from the said plaintiff to the said Joseph P. Nichols for the said premises for the month extending from the 25th day of June, A. D. 1910, to the 25th day of July, A. D. 1910."

That the said Nichols, by his agent, on September 2, 1909, entered into a lease with the plaintiff for said premises for a period of 6 months and 25 days commencing September 1, 1909, and ending on March 25, 1910, for the rent of $136.67, payable in monthly installments of $20 each in advance.

That the plaintiff entered into and took possession of the premises as the tenant of Nichols and paid to the agent of Nichols $20 per month rent for the same, up to the 25th day of June, 1910.

"That no notice to quit the said premises and to deliver up possession of the same on the 25th day of March, A. D. 1910, was given to the said plaintiff; nor did the said plaintiff give any notice of his intention to quit the said premises and to deliver up possession of the same to the said landlord or his agents on the 25th day of March, A. D. 1910. That the said plaintiff continued to hold over as tenant of the said premises after the 25th day of March, A D. 1910, without any express contract or agreement being entered into or made between the said plaintiff and the said Joseph P. Nichols, his landlord, or the agents of the said Joseph P. Nichols. That the said plaintiff continued after March 25, A. D. 1910, as tenant of the said house and lot of land known as No. 1409 West Eighth street, in the city of Wilmington, under the implied contract and agreement between the said plaintiff and the said Joseph P. Nichols arising out of the fact that the said plaintiff on March 25, A. D. 1910, held over as tenant without notice to quit from either side. That said plaintiff continued to pay the said rental of twenty ($20.00) dollars a month in advance on the 25th day of every month, thus paying the rent in full up to the 25th day of June, A. D. 1910.

"That on the 25th day of June, A. D., 1910, the said plaintiff quit the said premises as tenant and delivered up possession of the same to the said Joseph P. Nichols or his agents. But that the said Nichols declined to accept delivery and possession of the said premises, and notified the said plaintiff that he would hold him liable for the rent of the said premises as the same should fall due; and as a result of the attempt of the said plaintiff thus to deliver up possession of the said premises to the said Nichols and the attempt of the said Nichols thus to refuse to accept the delivery of the said premises, the said premises remained vacant and unoccupied during the month extending from the 25th day of June, A. D. 1910, to the 25th day of July, A. D. 1910.

"If the court shall be of the opinion that the said plaintiff was the tenant in possession of the said premises known as No. 1409 West Eighth street in the city of Wilmington, for and during the month extending from the 25th day of June, A. D. 1910, to the 25th day of July, A. D. 1910, then that judgment shall be entered for the defendant for the sum of twenty ($20.00) dollars besides costs

of suit, otherwise that judgment shall be entered for the plaintiff for six (.06) cents besides costs of suit."

By a recent act of the Legislature entitled "An act providing for the termination of cetain leases or demises of real estate," being *Chapter* 239, *Volume* 25, *Laws of Delaware*, it is provided as follows:

"Section 1.   That every lease or demise of real estate situate in the city of Wilmington, made and entered into on or after the twenty-fifth day of June, A. D. 1909, in which lease or demise no term is expressly limited, shall be deemed and construed to terminate and expire on the twenty-fifth day of June then next ensuing, at twelve o'clock noon, subject to the provisions of the following sections.

"Section 2.   Whenever any such lease or demise as specified in the foregoing section shall be made and entered into more than three months prior to the twenty-fifth day of June then next ensuing, said lease or demise shall be extended for one year from said twenty-fifth day of June at twelve o'clock noon, for which year the tenant shall pay the rent, and all the stipulations of the demise shall continue in force, and so on from year to year, unless, three months and upwards before the twenty-fifth day of June either the landlord gives notice in writing to the tenant in possession to remove, or the tenant gives like notice to the landlord of his intention to remove from the demised premises.   In no other case shall notice be necessary to terminate any such lease or demise as specified in the foregoing section at the time therein provided for such termination."

The lease in question was entered into after the time specified in section 1 of this act, and was for a time certain, but it is contended by counsel for the plaintiff that the tenant having continued in possession after the lease expired, that is, from March 25 to June 25, 1910, the other provision of section 1 applies which says "in which lease or demise no term is expressly limited;" and therefore such demise terminated June 25, 1910, without any notice whatever.   In other words, it is contended that after the termination of the written lease an entirely new and separate demise was created which had its beginning less than three months prior to the 25th day of June then next ensuing; that the term of said new and sepa-

rate demise was not expressly limited, and therefore the same could be terminated without notice.

*Section* 1 *of chapter* 120, *Rev. Code, p.* 866, provides as follows:

"Any contract, or consent, pursuant to which a tenant shall enter into, or continue in possession of land, tenements, or hereditaments, under an agreement to pay rent, shall be a demise."

From the facts agreed upon in this case the "plaintiff continued to hold over as tenant of the said premises after the 25th day of March, A. D. 1910, without any express contract or agreement being entered into or made between the said plaintiff and the said Joseph P. Nichols, his landlord, or the agents of the said Joseph P. Nichols."

The plaintiff went into possession under a written lease and after it expired he continued to occupy the premises and pay rent as before. There was no express agreement between him and his landlord that he should continue to occupy the premises, but the law implies an agreement that the parties intended to continue the original lease. In order to make the holding over a separate and distinct demise we think there must have been an express agreement made at the time the old lease expired, which from the facts in this case was not done. We think this case does not come within the provision of the statute which makes it unnecessary to give notice of intention to quit, and the required notice not having been given by the tenant in lease for the rent, and, therefore a judgment should be entered for the defendant for the sum of $20 besides costs of suit.