WILLIAM LESLIE CRAMER,

*vs.*

LEWES SAND COMPANY, a corporation of the State of Delaware.

*New Castle, Apr. 27, 1927.*

*James I. Boyce*, for complainant.

*Caleb S. Layton*, of Marvel, Layton, Hughes & Morford, for defendant.

THE CHANCELLOR. The sand which the defendant owns and has contracted to sell to the complainant is not alleged to be of such peculiar constituency or possessed of such peculiar qualities as to bring it within the category of those unique chattels with' respect to which the law of specific performance recognizes a right to exceptional consideration. So far as appears, the complainant is able to secure an ample supply of sand suitable for his trade from sources other than those supplied by the defendant. The right of the complainant to the relief asked does not rest, therefore, on the unique nature of the commodity bargained for.

This being so, the defendant contends that the case made by the bill is the simple one of a breach of contract for the sale of chattels easily obtainable elsewhere than from the defendant, and that an action at law for damages affords an adequate remedy. The complainant contends that while the general rule would exclude the jurisdiction of a court of equity in the ordinary run of cases which the defendant's contention refers to, yet in this case there are certain peculiar features which take the case out of the ordinary run of such cases.

In this contention, I think the complainant is right. The contract is not one that confers an exclusive sales agency on the complainant. It is one where the complainant contracts to buy the supply of sand necessary for his business up to 100,000 tons a year from the defendant and from no one else, and the defendant contracts to sell up to that amount to the complainant and to no one else. The recital which precedes the definition of the contract's terms shows that it was the object of the contract to protect the complainant in the business which he had established by the expenditure of time, efforts and money. This protection was afforded not only by the assurance of a safe and steady source of

supply, but also by an agreement on the part of the defendant not to compete with the complainant in his chosen field. On the side of the defendant, the contract was designed to assure to it the benefit of the trade which the complainant was in position to control. What the complainant asks is not that the court shall compel the defendant to deliver sand to him as agreed, but to enjoin the defendant from doing that which it had agreed to abstain from doing, and which, if done, will take from him the business or a portion thereof which the defendant had agreed not to injure by its own competition. On this aspect of the matter I think the bill presents a case which if sustained by proof would justify the injunctive relief it seeks. The covenant not to compete is recognized by the parties as essential for the protection of the complainant's business just as much so as is a similar negative covenant in those cases where a seller of a business agrees not to enter into competition with his vendee. In the latter case an injunction is universally recognized as an entirely proper remedy to the aggrieved purchaser. In point of principle, I am unable to see why the complainant here whose business is contracted to be protected from the defendant's competition is not equally entitled to the interposition of equity's restraining process. See *Pomeroy, Equity Jurisprudence (4th Ed.)* § 1714, *et seq.; Feigenspan v. Nizolek*, 71 N. J. Eq. 383, 65 A. 703.

The fact that the complainant has not taken as much sand as the defendant thinks he should have taken cannot justify the defendant in its purpose to embark upon a program of competition. The defendant did not see fit to condition its agreement not to compete upon an obligation on the defendant's part to take a minimum yearly amount of sand. For it to assume to exact such a condition now is to write a new term into the contract.

On the ground that the complainant is entitled to have his business freed from the competition which the defendant's letter threatens, the bill should be retained and the demurrer overruled.

A preliminary injunction should also issue restraining the defendant in the appropriate language of the contract from doing the things which it had agreed not to do.

Let an order be prepared accordingly.