SHARPLESS-HENDLER ICE CREAM COMPANY, a corporation of the State of Delaware,

*vs.*

ESTHER DAVIS.

*New Castle, July* 15, 1929.

*Aaron Finger*, for complainant.

*James R. Morford*, of the firm of Marvel, Layton & Morford, for defendant.

THE CHANCELLOR. The bill belongs to the class of cases in which *Cramer v. Lewes Sand Co.*, 15 *Del. Ch.* 329, 138 *A.* 78, and *N. Y. Johnson Motor Co. v. Johnson Motor Co.*, 15 *Del. Ch.* 356, 138 *A.* 603, decided by this court fall. It is a bill which seeks in so far as possible the remedy of specific performance of a contract by the indirect method of injunction against the breach of a. negative covenant.

The defendant, so viewing the bill, contends by her demurrer that the case made by the bill, tested by the principles applicable to specific performance cases, is not such as equity will entertain. She argues that the contract upon which the suit is based is incomplete, uncertain, unfair, inequitable and lacking in mutuality of remedy; that inasmuch as equity would never directly enforce performance of a contract characterized by those features, it will not undertake indirectly to do so by employing the remedy of injunction against breaches of negative covenants. The demurrant also argues that the bill is not maintainable for the reason that there is an adequate remedy at law for damages.

All of these questions were raised in either or both of the cases of *Hendler Creamery Co. v. Lillich*, decided by the Court of Appeals of Maryland, 152 *Md.* 190, 136 *A.* 631, 60 *A. L. R.* 207, and *Feigenspan v. Nizolek*, 71 *N. J. Eq.* 382, 65 *A.* 703. The Maryland case was based on a contract practically identical with the one involved here, and the New Jersey case was in principle substantially the same as this one. The opinions in those two cases appear to me to supply satisfactory answers to all the questions which are above stated to be raised by this demurrant; and I see no need to attempt a paraphrase of the observations made by the learned judges in those cases. I accept their reasoning as controlling here. It might not be amiss however to point out that on the doctrine of mutuality of remedy as a foundation for the jurisdiction of equity to afford the remedy of specific performance, a doctrine upon which the defendant relies in this case, the Supreme Court of this State in *Baker v. U. S. Fire Apparatus Co.*, 11 *Del. Ch.* 386, 97 *A.* 613, has indicated that in

view of our statute defining the jurisdiction of the Court of Chancery the doctrine, however much it may find favor elsewhere, has no place here in the law of specific performance. In that case it was held that though one party to the contract might have the right to a specific performance of its terms, yet the principle of mutuality of remedy would not in this State accord like relief to the other party. The logic of that ruling would result in this—that as mutuality of remedy would not give rise to equity's jurisdiction, so in reason the lack of it would not take away the jurisdiction. In other words, cases of specific performance whether of the pure type or of the related kind, such as this one, are to find their justification in other appropriate principles of general equitable cognizance and are not to be affected by questions concerning mutuality of remedy.

The defendant argues also that the following clause in the contract is sufficient to defeat the complainant's right to maintain its suit in equity:

"In case the Company (complainant) exercises its right at any time before the expiration of the term of this lease to terminate the same by reason of violation of any conditions hereof * * * the customer (defendant) agrees to pay to the Company the sum of Two Hundred Dollars ($200.00) as additional rental for said equipment * * * that amount representing the cost to the Company of the installation of the equipment."

The point raised in connection with this clause is that it is in substance a provision for liquidated damages for a breach and that the defendant has the alternative open to her of obeying the contract or paying the stipulated sum for its breach. I cannot accept this argument. The clause in question does not provide for liquidated damages in case of breach. It provides for a reimbursement by way of additional rental of only one element of damages, viz., the cost of installation that has proved in the sequel to have been unproductive. But aside from this, the company has never exercised its right to terminate the agreement. It insists upon keeping the agreement alive and is urging a resumption by the defendant of her duties under it. The condition precedent therefore to the arising of a liability on the defendant's part to pay the two hundred dollars has never happened.

The demurrer will be overruled.