ALEXANDER P. ARDITO,

*vs.*

NATHANIEL W. HOWELL and INDIA W. HOWELL, his wife.

*New Castle, March* 12, 1947.

*Joseph Donald Craven,* for complainant.

*Philip Cohen,* for defendants.

SEITZ, Vice-Chancellor: The question is whether an option to purchase contained in a lease for a term with a renewal or extension provision can be exercised after the expiration of the original term but during the renewal or extension period.

Since this matter arises on demurrer the allegations of the bill, which are here taken to be true, must be narrated.

Complainant, Alexander P. Ardito, on August 18, 1944, entered into an agreement with the defendant Nathaniel W. Howell whereby the defendant leased the property which he owned, known as 406 Rowland Park Boulevard, Carrcroft, Delaware, to the complainant. Unless otherwise noted, the use of the word "defendant" will refer only to Nathaniel W. Howell. The pertinent terms of the August 18, 1944 agreement will be quoted:

"WITNESSETH. That the said party of the first part [defendant] hath rented to the said party of the second part [complainant] and the said party of the second part hath rented from the said party of the first part, all that certain lot or piece of land with the buildings thereon erected, situated and known as No. 406 Rowland Park Boulevard, Carrcroft, Wilmington, Del. in the City of Wilmington aforesaid, for the term of one year from the 1st day of September, A. D. 1944, at noon, to the 1st day of September, A. D. 1945, at noon, at the rent of Nine Hundred Sixty (960.00) Dollars, to be paid in advance in monthly portions of Eighty ($80.00) Dollars each, and for the further sum equal to the amount of excess water rent over and above the minimum which said sum shall be considered as part of said rent, at the office of the party of the first part, and in all cases without prior demand being made therefor.
*             *             *             *             *             *             *

[The agreement here sets forth terms and conditions which generally deal with the maintenance of the property and the rights of the parties under certain conditions.]

"It is further agreed that in case the said party of the second part shall hold over and remain in the possession of the said premises after the expiration of the said term he shall be considered as tenant for another year upon the same terms and conditions as above specified, and so on from year to year until either party hereto shall give at least three months notice in writing prior to end of the term of their intention to terminate this agreement.

"For the consideration of One Hundred ($100.00) Dollars, receipt of which is hereby acknowledged, the party of the second part is given privilege to purchase the within described property during the term of this lease for $12,500.00. If the party of the second part purchases this property, then the $100.00 mentioned herein shall be deducted from the purchase price."

While the defendant was married to one Augusta D. Howell at the time the agreement was executed, he obtained a final divorce from her on July 2, 1945. Thereafter, in July of 1945, the defendant married the other defendant hereto, India W. Howell.

Complainant has occupied the premises since September 1, 1944, and has complied with all the terms of the agreement. By registered letter dated April 24, 1946, and addressed to the defendant in care of his agent, the complainant through his attorney sought to exercise the option to purchase the leased premises. It should be noted that the attempt to exercise the option to purchase was made after the expiration of the original one year period, but was made during the second year under the renewal or extension of the lease. It appears that the defendant's agent refused to reveal the address of his principal, which accounts for the notice of the exercise of the option being forwarded to the agent. On the same date, complainant's attorney addressed a letter of similar import to the defendant's agent.

Thereafter, on May 2, 1946, the defendant served a vacate notice on the complainant. On or about April 27,

1946, the defendant advised the complainant that he was unwilling to sell at the contract price, but would sell for $15,000.

On May 22, 1946, complainant's attorney sent a registered letter to defendant advising him of the time and place for the settlement on the property at the price provided for in the written agreement. As an alternative, defendant was requested to suggest some other date for settlement. On May 24, 1946, complainant sent defendant a registered letter summarizing the matter up to that date and directing the defendant to deal with complainant's attorney who had full power and authority to represent the complainant, and expressing the hope that defendant would transfer the property.

No written replies were received from defendant, but on May 29, 1946, complainant's attorney received a letter from defendant's attorney stating that the defendant was not obligated under the agreement to convey the premises because the option to purchase was limited to the original term of the lease.

Complainant prays for specific performance of the option provision of the agreement and for the repayment of all rental money collected after May 27, 1946. Defendants have demurred to the bill on several grounds, but they have argued only two:

(1) The option to purchase the premises existed only during the original term of the lease and not during any renewal or extension thereof, and since it was not exercised during the original term, the complainant has no cause of action.

(2) No relief can be granted against the defendant India W. Howell, the present wife of the defendant, because she was not a party to the agreement.

While the defendants' solicitor does mention the second ground of demurrer in his brief, it is apparent that he bases

his defense almost entirely on the first ground set forth above.

Did the option to purchase exist only for the original term of the lease, to wit, one year, or did it continue when the lease automatically continued under the quoted renewal or extension provision ? This is the crux of the case.

The results reached by the courts which have considered this problem are varied and in some cases inconsistent. As the Maryland court recently said in discussing our problem in *Schaeffer v. Bilger*, *(Md.)* 45 *A.2d* 775, 777, 163 *A.L.R.* 706:

"The question whether an option to purchase contained in a lease can be exercised by a tenant during an additional term provided for in the lease, has been productive of much difficulty, and has produced many decisions which cannot be reconciled. It seems to be generally agreed that it depends upon the intention of the parties to be gathered from the lease itself. However, many of the decisions turn upon the narrow question whether the lease is to be extended or whether the term is to be extended or whether the words used indicate that a new lease is to be executed. The results are necessarily varied, depending on the method of approach to the problem."

All parties will agree that we are here in pursuit of that will-o'-the-wisp known as legal intent. It seems to me that it would be profitless and unrealistic to resolve this case by ascertaining whether the lease was "extended" or "renewed", or whether the option to purchase is part of a "divisible" contract or is an "independent" agreement, although those seem to have been the approaches taken by many courts. See 37 *A.L.R.* 1245; *Pettit v. Tourison*, 283 *Pa.* 529, 129 *A.* 587, 39 *A.L.R.* 1108; *Schaeffer v. Bilger*, *(Md.)* 45 *A.2d* 775, 163, *A.L.R.* 706. I dislike such approaches because the placing of emphasis on legal concepts such as the distinction between renewal and extension, and between dependent and independent provisions in agreements tends to remove the solution of the problem from the realm wherein the parties moved when executing the agreement. The preferable practice would seem to be merely to

consider the agreement as posing a problem of construction to ascertain intent to be resolved in the light of principles applicable to such a problem.

Looking at the language of the agreement, what is this court reasonably entitled to say the parties intended with respect to the option to purchase? The answer to this question requires a more explicit examination of the language of the agreement. The agreement first speaks of the rental of the premises "for the term of one year." In order of materiality, it next recites that if the complainant shall hold over and remain in possession after the expiration of the "said term"—being the year from September 1, 1944 to September 1, 1945—he shall be considered a tenant for another year "upon the same terms and conditions as above specified." The renewal or extension provision further provides that the lease continues from year to year until either party gives three months' written notice prior to the end of the "term" of his intention to terminate the agreement. The agreement finally provides that for a consideration of One Hundred Dollars the complainant is given the privilege "during the term of this lease" to purchase the property for $12,500, and should he purchase it, the One Hundred Dollars shall be deducted from the purchase price.

The defendant emphasizes that the renewal or extension provision explicitly states that the holding over shall be upon the terms and conditions "above specified," of which the option provision is not one since it is a subsequent provision therein. Complainant points out, however, that the provision containing the option to purchase provides that it is to be effective during the "term" of the lease and that the word "term" is also used in the renewal or extension provision itself to describe a period subsequent to the original term of the lease. Consequently, says he, "term" as used in the option provision encompasses the complete life of the lease.

To summarize, defendant contends that the agreement

does not provide for the extension of the option provision to any term subsequent to the original one, while complainant argues that the agreement specifically makes the option operative so long as the lease continues in effect.

Since "term" is used in the agreement to refer both to the original term and to renewals or extensions, it is not unreasonable to conclude that "term" as used in the provision containing the option to purchase embraces terms subsequent to the original one. This is so because there is nothing in the context which indicates that "term" as employed in the option provision had reference only to the original term of the lease. There would appear to be no equities of which I can take cognizance which would call for the application of the more restricted construction of the agreement. Consequently, I conclude that the option provision was intended to be operative during the renewal or extension periods.

Even if we should say that the case is not free from substantial doubt, the real question would be as to which way the doubt should be resolved. Although predicated somewhat on the distinction between divisible and indivisible contracts, nevertheless, I am inclined to accept the view of the Maryland court in *Schaeffer v. Bilger, supra,* where it was said:

"* * * The option to purchase will go along with the term unless some contrary intention clearly appears and regardless. of whether 'the lease is renewed' or 'the term is extended.' "

Since the provisions relied upon by the parties may at least be said to counter-balance one another, we are left in my opinion with a policy which should favor the carrying of the option along with the term. Moreover, the complainant lessee paid an independent consideration of One Hundred Dollars for the option which indicates a somewhat more substantial interest in the option provision of the agreement than is ordinarily the case.

It is the opinion of the court that the intent of the parties as gleaned from the agreement as construed was that the option to purchase should continue during the existence of the lease, and should not be limited to the original term. Such being the case, the demurrer on the ground that the option could not be exercised after the lapse of the original term must be overruled.

The defendant, Nathaniel W. Howell, has also demurred on the ground that his wife, India W. Howell, is not a proper party defendant. While it is true that the defendant, India W. Howell, was not married to the defendant, Nathaniel W. Howell, at the time he executed the agreement, and although she probably has no interest in the property, see *Newberry Co. v. Shannon,* 268 *Mass.* 116, 167 *N.E.* 292, 63 *A.L.R.* 136, nevertheless, she is his wife at the present time and since he may after final hearing be compelled to convey title to complainant, some relief against his wife may also be necessary in order to remove any possible cloud on title. See e. g., *Hallett, et al., v. Parker, et ux.,* 69 *N.H.* 134, 39 *A.* 583. India W. Howell is, therefore, a proper party defendant.

The demurrer should be overruled on all grounds. An order accordingly will be advised.