## Unit Vending Corporation v. Los, etc.

*Melvin C. Fisher* and *Norman H. Fuhrman*, for plaintiff.

*Rappaport, Lagakos & Blank*, for defendant.

KUN, J., March 8, 1950.—From the bill, answer and proofs, the courts makes the following

### Findings of Fact

1. On April 21, 1949, defendant Los entered into an agreement with plaintiff, United Vending Corporation, a copy of which is attached to the bill of complaint, providing that for the consideration therein mentioned plaintiff was given the exclusive right and privilege to install a cigarette vending machine in defendant's restaurant at 2300 North 12th Street, in the City of Philadelphia, and to sell at retail cigarettes to be sup-

plied by plaintiff through that machine for a term of two years from the date thereof.

2. Defendant bound himself by the agreement not to sell, offer to sell, or cause or permit the sale of cigarettes at his place of business by any other means than through the vending machine during that period.

3. On or about August 15, 1949, defendant discontinued the use of plaintiff's vending machine for the sale of cigarettes in his place of business, and substituted therefor a similar cigarette vending machine of another company, for the same purpose, after which plaintiff removed its machine from defendant's premises on or about September 15, 1949.

4. During the period in which plaintiff's vending machine was operating in defendant's place of business, an average of 81 packs of cigarettes were sold through the machine, on which sales plaintiff had a net profit of $1.28 a week.

5. At the signing of the contract between the parties, plaintiff advanced to defendant $15 as consideration for the exclusive contract, and $60 as advance commissions which defendant would earn on the sales of the cigarettes, of which up to the time of defendant's breach defendant had been credited with $11.52.

## Discussion

Plaintiff filed the bill in this case, praying that defendant be restrained from selling cigarettes or permitting the operation of any other cigarette vending machine than plaintiff's at defendant's place of business during the term of the contract, and for an order directing defendant to pay plaintiff damages for loss of profits by reason of defendant's alleged breach. While defendant made some contention at the trial that the reason he discontinued the use of plaintiff's machine was that it was out of repair, which plaintiff failed to correct, this is rejected by the court as we are well satisfied that this was a mere pretense on the part of

defendant. The real reason for the discontinuance of plaintiff's machine by defendant was that the latter was very likely induced to put another company's machine in his place of business for the sale of cigarettes, on better terms, perhaps.

The legal question presented is whether plaintiff is entitled under the circumstances to have specific performance of the negative covenant in the contract not to permit the sale of cigarettes at defendant's place of business other than by means of plaintiff's vending machine, or is restricted to an action at law for damages for loss of profits by reason of such sales. At the conclusion of the hearing the court expressed the thought that plaintiff might be entitled to the relief prayed for. However, a thorough study of the matter has led us to the other view.

The question involved has not been determined by any appellate court in this State. However, in a quite similar case, Johnson v. Bruckhart, 21 D. & C. 202, the court held that equity will not interfere by injunction inasmuch as the damages were not irreparable, since they could be readily ascertained by comparing the net profits of plaintiff during the period his machine was being operated in defendant's place of business without competition with the net profits during the period when plaintiff's machine was being operated with the competition of a similar machine which defendant had placed on his premises during the restricted period there involved. (In that case defendant did not entirely discontinue the use of plaintiff's machine, but added a machine of another to his place of business in violation of plaintiff's exclusive contract.) The cases cited in the opinion of the court in that case clearly support the general proposition that equity will not interfere by injunction unless the damages are irreparable. A late reaffirmation of the principle is found in Windber Borough et al. v. Spadafora,

356 Pa. 130, where Chief Justice Maxey approved the chancellor's statement at p. 134:

"It is a familiar rule of equity jurisdiction that a court of equity will not grant injunctive relief in a doubtful case, and an injunction will be awarded only where the rights and the equity of the plaintiff are clear, and the threatened injury is of a *permanent or irreparable* character." (Italics supplied.)

We have been referred by plaintiff to an opinion by Judge Sloane of Common Pleas Court No. 7, in the case of Automatic Sales Co. v. Louis Wohl and Sara Chizen, trading as Plymouth Drug Company, in that court as of March term, 1941, no. 994, decided June 6, 1941, but unreported. Judge Sloane expressed the view that in this kind of case there was irreparable injury because the right to recover damages by law for breach of contract was of doubtful value. This may be so in some cases if the reference is to the collectibility of a money judgment. However, that is not the criterion. The underlying limitation is so well established in this State that equity will not interfere by injunction unless the damage is irreparable and cannot be ascertained, we must be guided by that consideration in this case. Judge Sloane conceded in his case:

"It is true that if defendants permitted Rose's machine to be maintained in their store during the entire period covered by the agreement, plaintiff's loss of profits could be measured with comparative accuracy," indicating that in that event the injunction would not have been granted.

It seems to us that it is not at all necessary for the third party's machine to be on the premises during the entire period to determine damages. Defendant in such a case might decide not to put in another machine for the remainder of the period. This would not deprive

plaintiff of his right to damages, if defendant had agreed to use it for a stated period.

It appears to us that plaintiff's machine in the case before us, having been in defendant's place of business for a substantial period during which the measure of profits to plaintiff.was ascertained, as to which testimony appears in the record, there is present a reasonable basis for ascertaining the loss of profits of plaintiff for the entire period of the contract, by reason of defendant's breach.

The personal service cases cited in the Automatic Sales case, supra, such as the Philadelphia Ball Club, Limited, v. Lajoie, 202 Pa. 210, and those in which the element of unfair competition was present, in which injunctions to enforce negative covenants were granted, are inapplicable here. Undoubtedly, where defendant has undertaken to sell a *product* of plaintiff exclusively, his attempt to sell the product of a competitor within the prescribed term is a strong factor in considering the propriety of injunctive relief. Such are the cases of Christian Feigenspan v. Nizolek, 72 N. J. Eq. 949, 65 Atl. 703 (involving the sale of plaintiff's beer) ; Sharpless-Hendler Ice Cream Co. v. Davis, 16 Del. Ch. 315, 147 Atl. 305 (plaintiff's ice cream) ; Atlantic Refining Co. v. Kelly et al., 107 N. J. Eq. 27, 151 Atl. 600 (plaintiff's gasoline and oil products) ; Standard Fashion Co. v. The Siegel-Cooper Company et al., 157 N. Y. 60 (plaintiff's patterns and designs) ; and the like, cited by plaintiff. The contrary view was expressed in a beer case in Voigt Brewery Co. v. Holtz, 168 Mich. 352.

If plaintiff in the case before us were the manufacturer of a certain brand or brands of cigarettes which defendant had undertaken to sell exclusively, another view might be taken of the case. Here, plaintiff is not the producer of the thing to be sold. It is not plaintiff's product which defendant has undertaken

to sell. Plaintiff merely owns and furnishes mechanical devices for the sale of cigarettes, and others put out like machines, but the product sold through all the machines is the same, namely, cigarettes made by a variety of manufacturers. The use of one machine or another for the sale of the same product cannot be said to work an irreparable injury to plaintiff. Plaintiff was not injured by defendant's failure per se to use this machine. Its injury is simply that defendant failed to sell cigarettes to be furnished by plaintiff for the term of the contract. Plaintiff's damage in that situation is readily ascertainable by taking the average sales prior to the breach as a basis of computation. The cases in which plaintiff's special products were involved, and in which injunctions against breach of negative covenants were allowed are no more applicable to the case before us than are the personal service cases, in which the element of uniqueness of talent were involved.

The element of protection against fraud which would have subjected plaintiff to unjust competition, found in the case of Wilmsen v. Rehfuss, 16 Dist. R. 871, is not present here. There defendant sought to deliver to others a machine which plaintiff had patented and devised and which defendant had agreed not to make for others, a violation of which undoubtedly was a gross fraud on plaintiff which the court was bound to enjoin.

There is nothing in the A. L. I. Restatement of the Law of Contracts §380(1) contrary to our view in this matter. All that section provides is that an injunction against the breach of a contractual duty that is negative in character may be granted where "money damages are not an adequate remedy". This is in harmony with our cases which hold that injunctive relief will not be granted unless the damages are irreparable, and they cannot be so considered if reason-

ably ascertainable. This is so whether the covenant involved is negative or affirmative. There can be no differentiation of the principle on any such basis.

The underlying rationale of the principle is the concept that courts will not interfere with a man's freedom of action unless it is contrary to public interest or the damages resulting from his action or inaction are irreparable because not ascertainable.

While we will not grant plaintiff's prayer for an injunction to enforce plaintiff's negative covenant in this case, the court having properly taken jurisdiction of the case, which proceeded to a hearing on the merits, we will complete the case by an award of damages to plaintiff against defendant for his breach of contract.

Counsel for plaintiff has asked for an allowance of counsel fee, but we have no authority to grant it: Hackett v. Hackett, 104 Pa. Superior Ct. 353.

### Conclusions of Law

1. Defendant breached his contract with plaintiff by which defendant agreed not to use any other cigarette vending machine on his premises than that of plaintiff during the term of the contract, for the sale of cigarettes to be furnished by plaintiff.

2. Plaintiff is not entitled to an injunction restraining defendant from using any other cigarette vending machine than plaintiff's during the period of the contract between them.

3. Plaintiff is entitled to recover damages from defendant for breach of contract in the sum of $169.94.

### Decree Nisi

1. Plaintiff is not entitled to an injunction against defendant.

2. Plaintiff is entitled to recover damages from defendant in the sum of $169.94.

3. Plaintiff is entitled to costs to be paid by defendant.

The prothonotary will enter the foregoing decree nisi and give notice thereof to the parties or their attorneys, and unless exceptions thereto are filed within 10 days, the same may be entered as a final decree.