**EMMETT S. HICKMAN CO., a Delaware corporation, Plaintiff,**

v.

**AMERICAN REALTY ENTERPRISES, INC., a Pennsylvania corporation, Defendant.**

Superior Court of Delaware, New Castle.

April 14, 1971.

Robert W. Wakefield, Wilmington, for plaintiff.

Frank O'Donnell, Wilmington, for defendant.

## OPINION

MESSICK, Judge.

This motion for summary judgment is made by the defendant-lessor, American Realty Enterprises, Inc., formerly known as Lehigh Valley Enterprises, Inc., against the plaintiff, Emmett S. Hickman Co., a real estate broker. Since the following facts are not disputed, the Court must determine whether the defendant is entitled to summary judgment as a matter of law. Superior Court Civil Rule 56, Del.C.Ann.

During the early part of 1968, Hemingway Transport, Inc. (Hemco) asked Hickman if rental space were available in Wilmington. Plaintiff directed Hemco to the defendant and a lease was negotiated on a form supplied by Hickman, beginning April 1, 1968. This agreement contained an option to purchase the premises at a price of $110,000.00, exercisable 60 days before termination of the lease on March 31, 1969. It provided that the lessor would pay Hickman a 6% broker's fee on exercise of the option. In addition, the plaintiff also was entitled to a commission of one month's rent which was payable by the defendant during the term of the lease and in any "extension or renewal thereof."

Hemco entered possession without difficulty and in January of 1969 desired to extend the lease for an additional year. American Realty, however, wanted to sell the property to a potential customer and told Hemco to exercise the option, because it did not wish to renew the lease, considering the possible sale. Despite encouragement from the defendant, Hemco declined to exercise the option and, with American Realty's consent, became a hold over tenant from month to month as of April 1, 1969. On June 25, 1969, lessor agreed to sell the premises to the lessee for $70,000.-00. Hickman thereafter sued American Realty, contending that it is entitled to be paid a commission of 6% of the $70,000.00 sale price and a sum equal to one month's rent which, plaintiff recognizes, must be prorated. The defendant moved for summary judgment, contending that plaintiff's right to the fees did not accrue since the lease expired at the end of the first year and the option was not exercised.

If the parties do not otherwise agree, the provisions and conditions of a

lease continue during a hold over tenancy. Jackson v. Pattersen, 4 Harr. 534 (Del.Super.Ct., 1847); Poffenberger v. Nichols, 2 Boyce 60, 78 A. 612 (Del.Super.Ct., 1910); 25 Del.C. § 5104; 40 Am.Jur.2d, Landlord & Tenant §§ 1133, 1146; Annot. 49 A.L.R.2d 480 (1956). An option to purchase may apply to the hold over period by virtue of a clause in the lease extending all of its terms to the renewal situation. Ardito v. Howell, 29 Del.Ch. 467, 51 A.2d 859 (1947). Absent agreement, the option may be extended by operation of law through 25 Del.C. § 5104 which states, in part, that "all the stipulations of the lease shall continue in force" when the tenant holds over under a lease of a year or more. In Old Time Petroleum Co. v. Turcol, 18 Del.Ch. 121, 156 A. 501 (1931), the Court assumed that the statutory predecessor to 25 Del.C. § 5104, which had the same quoted language, extended an option to purchase.

Here, the lease does not have a "savings clause" of the type contemplated by Ardito v. Howell, *supra*. The Turcol decision, however, raises the problem whether an option to purchase is a "stipulation" within contemplation of 25 Del.C. § 5104. This kind of question has been the subject of considerable litigation in other jurisdictions. See Annot. 15 A.L.R.3rd 470 (1967); 49 Am.Jur.2d Landlord & Tenant, §§ 373, 383.

■ Assuming that Turcol is precedent for the proposition that the statute keeps the option provision in force,[1] the plaintiff still cannot recover the 6% brokerage fee. To earn his commission, the realtor must produce an optionee who accepts the offer at its stated terms. See Annot. 32 A.L.R. 3d 321 (1970). In short, the broker's right

to compensation depends upon the exercise of the option. 12 Am.Jur.2d Brokers § 188. This principle is subject to an exception where the parties conspire to deprive the realtor of his fee. B—H, Inc. v. "Industrial America", Incorporated, 253 A.2d 209 (Del.Sup.Ct., 1969).

■ Here, the option was not exercised because the difference of $40,000.00 between the sale and option price is a substantial deviation from the terms of the offer in the lease. No evidence is presented to show a bad faith attempt to avoid the commission. A broker accepts the risk of non-performance of an option, and he may protect himself by contract.

■ Although the plaintiff is not entitled to a 6% charge on the sale price, he may recover a prorated sum of one month's rent which the lease states will apply to any "extension or renewal thereof." Clearly, this clause binds the parties in the hold over period. Ardito v. Howell, *supra*. Since the lease contemplated a renewal for one year,[2] the broker is entitled only to ³⁄₁₂ of a month's rent because the landlord-tenant relationship between American Realty and Hemco, which began on April 1, 1969, terminated with the formation of the sales contract on June 25, 1969.[3] See 49 Am.Jur.2d Landlord & Tenants § 372.

The defendant's motion for summary judgment, therefore, should be granted in part, because it is not liable for the option commission. However, partial summary judgment should also be entered in favor of the plaintiff since it is entitled to a prorata share of one month's rent.

Order on notice.

1. Arguably, if time were of the essence, the option would expire. The lease stated that the option must be exercised 60 days prior to its termination. If the original lease were extended by operation of law, then it did not terminate. But if the lease were renewed then the day prior to the renewal was the termination date of the original lease. However, the Supreme Court does not distinguish between renewals and extensions which moots the question in this case. Rosin

Co. v. Chavin, 257 A.2d 228 (Del.Sup. Ct.1969). See generally 49 Am.Jur.2d Landlord & Tenant § 378.

2. The lease provides that renewals and extensions would be for a year's time.

3. The monthly rental rate was $666.67. Divided by 12 the resultant figure is $55.-56. Multiplied by 3, plaintiff is entitled to $166.68.