## BRETT v. FARR.

1. **Injunction**: SETTING ASIDE DEFAULT: ABUSE OF DISCRETION. The facts in this case considered and held to present sufficient grounds for setting aside the default; and that in overruling the motion to set aside the default, and in denying any hearing upon the merits, the court below abused its discretion.

*Appeal from Bremer District Court.*

TUESDAY, JUNE 6.

ACTION for an injunction. The injunction was allowed, and afterward a decree was rendered against the defendant by default. The defendant then filed an answer, and also a motion and affidavit to set aside the default. The motion was overruled, and from the order overruling the motion the defendant appeals.

*Ephraim Kinne,* for appellant.

*Gibson & Dawson,* for appellee.

ADAMS, CH. J.—The defendant's excuse for not answering before default is, that he failed to obtain a copy of the petition, and that about the time court commenced he was taken sick.

The action was brought to the April term, 1881. The rules of court in that district require that " the plaintiff shall at least ten days before the first day of the term to which the cause is returnable, deposit with the clerk of the court for the use of the defendant, one copy of the petition, and unless on file the cause shall be continued," etc. Three days before the commencement of the term the defendant applied in person at the clerk's office for a copy of the petition, but was unable to obtain it, as there did not at that time appear to be any copy on file. He then, under

1. INJUNC-
TION: setting
aside default:
abuse of dis-
cretion.

Brett v. Farr.

the advice of a friend, who had at one time been an attorney of the court, filed an affidavit stating that he had applied for a copy of the petition, and was informed by the clerk that there was none on file. He further stated in his affidavit, that he had received no copy of the petition, and had authorized no person to receive a copy of the petition for him, or to appear for him, and that he asked for a copy, and also, that he be allowed reasonable time to prepare his case after a copy should be furnished him. The defendant then returned to his home, which was about eleven miles distant from the county seat, and was soon taken sick, and was confined to his house almost the entire time for about nine days. Default was taken against him on the second day of the term.

There was some evidence tending to show that a copy of the petition was filed, at the time the petition was filed. But the evidence was by no means conclusive, and the deputy clerk who thinks that he filed the petition, thinks that no copy of it was filed. But we do not deem this question a controlling one. It is certain that there was none on file three days before the term when it was applied for, and that it had not been delivered to the defendant, nor to any one employed by him. In view of this fact, and of the rule of court, and the affidavit of the defendant which he had placed on file before the default was taken, and his sickness which occurred immediately thereafter, we think that the excuse shown was sufficient, and that the court, in overruling the motion and denying any hearing upon the merits, abused its discretion.

REVERSED.