JOHN I. TURNER v. C. A. L. LOOMIS, Appellant.

**Practice:** CONTINUANCE OF CAUSE: ILLNESS OF COUNSEL. The unexpected illness of the only attorney in a case and consequent inability to attend the trial, with a showing of probable recovery prior to a succeeding term, will authorize a continuance of the case, especially where the client was not in a position to employ other counsel and prepare for trial at that term.

**Pleadings:** VERIFICATION: DEFECTIVE JURAT. Although a jurat in the verification of a pleading fails to disclose the county wherein the oath was administered the pleading should not be stricken; as the oath will be presumed to have been administered in the proper county.

**Same:** VERIFICATION BY ATTORNEY: KNOWLEDGE OF FACTS. The verification of a pleading by an attorney should show his knowledge of the facts alleged; and where a verification stated that the attorney was familiar with all the statements of the pleading and with the facts of the case as claimed by his client, his competency to make the same sufficiently appeared, the word "familiar" as used being the equivalent of having a knowledge of the facts.

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

TUESDAY, APRIL 5, 1910.

THE defendant appeals from an order overruling a motion to set aside a default and judgment.—*Reversed.*

*E. W. Cutting* and *E. A. Johnson*, for appellant.

*Frank Sayre* and *Converse & Grannis*, for appellee.

LADD, J.—The parties to this suit and four others purchased a stallion, and therefor executed their joint note for $3,600. The petition alleged that plaintiff had taken up this note; that by mutual agreement of the signers thereof he and three others were to have a share of one-tenth each in the stallion, another two-tenths, and defendant four-tenths, and each was to pay a corresponding portion of the note; and that, after applying the earnings of the horse thereon, there was owing by defendant $800. Subsequently an amendment was filed, and the defendant by his attorney, E. A. Johnson, filed an answer April 20, 1909, in the nature of an general denial, putting in issue the allegation with reference to the shares each were to pay, and pleading the pendency of an action in Wisconsin in abatement. The verification to this answer was by the attorney who had appeared for defendant, and was in words following:

State of Iowa—ss: I, E. A. Johnson, being duly sworn, depose and say, that I am the attorney for the defendant in the above-entitled cause; that I have read the foregoing answer of defendant and am familiar with all of the statements therein made, and I am familiar with the facts in this case as claimed by the defendant; and that the statements in the foregoing answer are true as I believe. E. A. Johnson. Sworn to before me and subscribed in my presence this 19th day of April, 1909. A. M. Floyd, Justice of the Peace.

On the next day plaintiff filed a motion to strike the answer, for that the jurat did not show the county in which the oath was administered, and the verification did not disclose that the attorney had knowledge of the truth of the allegations of the answer, or facts from which such knowledge might be inferred. The motion was sustained April 22d, and on the following day defendant filed a motion for continuance, supported by the affidavit of defendant's attorney, made the day previous, that he had sole charge of the defense in said cause; that he had contracted a cold when absent from home on April 6th, which had settled in his throat and bronchial tubes; that he had been afflicted with it since; that notwithstanding the use of ordinary remedies he had "grown steadily worse, until the last couple of days, when it tightened up very much," and he began to "have fever, headache, and general sickness all over;" that the night before he had a very high fever, and at the time of making affidavit was confined to the house and unable to attend to his regular duties or work and was afflicted with a severe and irritating cough which distressed him greatly; that he had all arrangements made and railroad ticket purchased to leave his home at Lisbon in Linn County for Decorah on the five o'clock a. m. train to give this cause required attention, but was compelled to give up the trip on account of the condition of his health; that a physician was called and informed him he was afflicted with aggravated bronchitis and advised him to remain quiet until a change for the better occurred; that he was unable to leave home to attend to causes in court. This was confirmed by the affidavit of the affiant's wife, and his physician swore that he was called to treat the attorney in the morning of April 22d, found him suffering from bronchitis, his general physical condition impaired by reason thereof, that he was confined to his house with headache, severe cough, and intermittent fever, as incident to the ailment, and that it would be unsafe for

him to leave home and engage in business transactions, as he should remain quiet until his condition improved.

These affidavits were not controverted, but on the same day plaintiff objected to a continuance, for that: (1) He denied the truth of the affidavits; (2) there was no issue to try; (3) that upon continuance the obligation to plead would not be changed; (4) that the defendant was not diligent, in that he did not employ a local attorney, and the one employed resided one hundred miles distant; and (5) no excuse was given for defendant's absence personally. The motion for continuance was overruled on the same day, default entered, and judgment rendered for plaintiff as prayed.

Three days later, and at the same term of court, defendant moved that the default be set aside. This was subsequently twice amended. He also tendered an amendment to the answer curing the alleged defects in the verification. These were supported by affidavits showing that such defects were due to oversights of the attorney's stenographer and the justice, and also by an affidavit of the attorney reiterating the matters set out in the affidavits attached to the motion for continuance more explicitly, and stating that defendant is a resident of Wisconsin, and showing that affiant was not aware of the ruling on the motion to strike the answer when the motion for continuance was filed. Later an amended and substituted answer was tendered. The plaintiff moved to strike the amendment first tendered and the amended and substituted answer and filed a resistance to the motion to set aside the default. On May 5, 1909, the motion to set aside the default was overruled and the motion to strike sustained. The appeal is from these orders, and little more than the recital of the record is essential to demonstrate that they were erroneous. Necessarily this must be so unless the rulings on the motion to strike the answer and the motion for continuance be sustained, for nothing save the attempt

to cure the alleged defects in the verification was added in the subsequent proceedings.

I. That a party or his attorney is unexpectedly prevented from attending court by sickness furnishes ample ground for postponing the trial or for continuance is well settled in *Brett v. Farr,* 58 Iowa, 442; *Rice v. Melendy,* 36 Iowa, 166; *Montgomery Co. v. American Emigrant Co.,* 47 Iowa, 91. The showing that the attorney could not safely leave home owing to illness was undisputed and in no wise impeached by the circumstance that he had suggested a continuance a few days previous. That he resided a hundred miles distant was not material, as the application was timely, and the situation would not have been different had he been in the county where the action was pending. The defendant was a nonresident of the state, represented by the one attorney only, and, as the latter's illness was unexpected, other arrangements, to take care of the case at that term of court were practically impossible. The probability of recovery prior to the following term of court sufficiently appeared. See *Lamar v. McDaniel,* 78 Ga. 547 (3 S. E. 409). At the least, defendant was entitled to time within which to employ other counsel and for them to prepare the defense. To hold otherwise would lead to intolerable hardships. *Vicksburg, S. & P. Ry. Co. v. Scott,* 47 La. Ann. 706 (17 South. 249); *Myers v. Trice,* 86 Va. 835 (11 S. E. 428); 9 Cyc. 100; 4 Cyc. P. & P. 841.

*1. PRACTICE: continuance of cause: illness of counsel.*

II. Nor can the ruling on the motion to strike the answer be sustained. Even though the jurat did not disclose the county wherein the oath was administered, the presumption was that this was in the proper county. *Snell v. Eckerson,* 8 Iowa, 284; *Goodnow v. Litchfield,* 67 Iowa, 691. As the verification was by the attorney, his competency to make it must appear therefrom. Section 3583, Code.

*2. PLEADINGS: verification: defective jurat.*

With reference to his qualification, it recited that he was "familiar with all the statements" made in the answer and was "familiar with the facts in this case as claimed by the defendant," and that such statements were true as he verily believed. According to the Century Dictionary, the word "familiar," in the connection here employed, means: "Having an intimate knowledge; well knowing; well acquainted." Webster's Dictionary: "Closely acquainted with or intimate; . . . having an intimate knowledge of; . . . well known; well understood." The Standard Dictionary: "Having intimate knowledge; well acquainted; thoroughly versed." The word may not have been happily chosen, but, when made use of in the verification, could not well have been construed otherwise than signifying that the attorney was well acquainted with or had knowledge of the statements in the answer and the facts in the case as claimed by the defendant. The last clause is criticised; but it merely limits the affidavit to certain facts, i. e., those asserted by the defendant in the pleadings verified. We are of the opinion that the affidavit sufficiently established the attorney's competency to verify the answer.

3. SAME: verification by attorney: knowledge of facts.

The orders overruling the application to set aside the default and judgment and sustaining the resistance thereto and the motion to strike the amended and substituted answer are *reversed.*