Steuer, J.
Petitioner is the plaintiff in an action pending in New Jersey. In that action it is alleged that petitioner, in 1942, had a judgment against one Schindel for about $44,000. Schindel made overtures of settlement and petitioner requested information as to his financial condition, to which Schindel made representations. Petitioner thereupon had the judgment marked satisfied and received from Schindel $12,000. It is further alleged that petitioner recently discovered that Schindel’s representations were false in that he concealed the existence of several assets. The action seeks to set aside the satisfaction of the judgment.
In that action an order to take testimony in this jurisdiction was obtained and this court has issued subpoenas to respondents pursuant thereto. Respondents are both attorneys. They have refused to answer certain questions upon the ground that the answers call for matters that violate the confidential attorney-client relationship.
The first question is novel and interesting — whether the law of New Jersey or New York should determine whether the questions should be answered. Petitioner claims that the law of the place where the testimony is to be heard governs its admissibility and this cannot be disputed (Matter of Roberts, 214 App. Div. 271). But here we are concerned with something more than the mere admissibility of testimony. Respondents are attorneys in this State and the inquiry concerns professional acts done here. They should not be allowed to reveal, much less compelled to, any matter which the public policy of this State deems inviolate. The evil which is sought to be avoided is the revelation of the confidential matter per se, not the exclusion of testimony which might be in some way harmful. The restriction of the statute is only an echo of the mandate of the canon of ethics in that regard and only applies to testimony what is the rule in regard to all communications in or out of court.
With that in view the specific questions can be examined. As convenience requires some reference to the names of the witnesses it might not be amiss to remark that there is no charge against either of them of any misconduct of any sort in the transactions about to be outlined. It appears that about a month before the settlement of the judgment above referred to Schindel was the owner of a building located at 341 Broadway. At that time he conveyed the building to the witness Levine, then a law clerk in the office of the witness Katz. Thereafter Levine conveyed the premises to 341 Broadway Inc., a corporation organized by the witness. Mr. Katz has testified that *699 Levine in receiving and conveying the property was acting as a dummy for an undisclosed owner and pursuant to his (Katz’s) instructions. The questions which are the subject of this motion are who was the client that Katz was acting for in this matter.
It is quite clear that an attorney must reveal whether he is acting for a client and who that client is (People ex rel. Vogelstein v. Warden of Co. Jail, 150 Misc. 714, affd. 242 App. Div. 611). However this applies to general representation and the witness has already stated that he represented Schindel during this period. When it comes to a question of on whose behalf a particular act is done by an attorney, the answer necessarily implies the fact instructions were given by that client to do that act. If the implication is sound, the instructions, concededly privileged, are revealed. If the implication is unsound a totally false impression is created.
Petitioner further claims that where a fraud is involved the privilege no longer exists. To an extent this is true. Where the attorney’s services are sought to perpetrate a fraud (as distinct from an endeavor to atone for a fraud in the best possible terms) there is no privilege (Clark v. United States, 289 U. S. 1). There of course must be proof that such is the case. Obviously the proof required is not absolute, merely prima facie. And here prima facie proof does exist. The fact that a judgment debtor conveys his property to a holder for convenience and the latter then conveys to a corporation with an unrevealing name, all at the time when he is seeking a composition of his debt, would lead to the belief tha,t concealment was the object. And a conclusion to that effect would not be unduly cynical in the absence of explanation.
Lastly the attorney poses this problem. The real person in interest in the real estate transaction is now dead, hence powerless to yield his privilege. As is Schindel. Due to the attorney’s relationship with Schindel and the latter’s with the real party in interest instructions to the attorney may have come to the attorney through Schindel and the half-truth involved in the answer would be unfair. To this the answer is that the Schindel estate is the defendant. Nothing will prevent them from releasing its privilege to the extent that the revelation necessary to protect them can be given.
The motion is granted and the questions are directed to be answered.