WILMINGTON MEDICAL CENTER, INCORPORATED, a Delaware corporation, Defendant Below, Appellant,

v.

Anna REDDEN, Individually and as Administratrix of the Estate of Willie Redden, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Nov. 12, 1973.

Rodney M. Layton and Jane R. Roth of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

C. Waggaman Berl, Jr., Wilmington, for plaintiff below, appellee.

CAREY and DUFFY, JJ., and QUILLEN, Chancellor, sitting.

DUFFY, Justice:

The determinative question in this appeal involves the admissibility of expert medical testimony in a malpractice action.

## I

At trial Wilmington Medical Center, Incorporated (defendant), offered Dr. Allen L. Davies to testify to the standard of care in hospital emergency room treatment. Plaintiff objected on the ground that Dr. Davies was not qualified to give such an opinion. After extensive testimony and a *voir dire* examination the Trial Judge overruled the objection and admitted the evidence. The jury returned a verdict for defendant but the Court granted plaintiff's motion for a new trial, saying that ". . . Dr. Davies was not qualified to testify as a medical expert" and, therefore, his evidence was inadmissible. Defendant appeals.

## II

Preliminarily, it should be said that we are not called upon to weigh Dr. Davies' testimony nor to determine whether there was negligence by defendant that caused the death of Willie Redden. Those issues were submitted to the jury which returned a verdict for defendant. Our consideration of the case is limited to determining whether the testimony by Dr. Davies was admissible in evidence for evaluation by the jury. If it was not, then, obviously, the judgment must be affirmed.

Defendant concedes that the standard to be applied in reviewing the case is simply this: did the Trial Judge abuse his discretion in granting a new trial? Cf. Chavin v. Cope, Del.Supr., 243 A.2d 694 (1966); Tyndall v. Tyndall, Del. Supr., 214 A.2d 124 (1965). Defendant has, of course, the heavy burden of showing that the after-verdict decision was "clearly unreasonable", Chavin v. Cope, supra, or that it "exceeded the bounds of reason in view of the circumstances", 5.-97752 Acres of Land in New Castle County v. State, Del.Supr., 202 A.2d 924 (1964); Larrimore v. Homeopathic Hospital Association of Delaware, Del.Supr., 4 Storey 449, 181 A.2d 573 (1962).

## III

In considering Dr. Davies' qualifications the Court below stated:

". . . It was not shown that his own emergency room experience was recent enough so that it could be said that he was knowledgeable, in the expert sense, of practices in 1968. Additionally, it was not demonstrated that Dr. Davies' actual experience in previous years was in connection with emergency rooms similar to those operated in the Wilmington area."

To qualify himself to give an expert opinion on the standard of care required in a hospital emergency room Dr. Davies testified in substance as follows:

In 1961 he was graduated from Jefferson Medical College in Philadelphia and he then interned in Houston in the service of Dr. Michael DeBakey; that was followed by a four-year residency in surgery (thoracics) at Jefferson. He was a year in cardiac surgery at Massachusetts

General Hospital, then spent nine months in England followed by thirteen months in Vietnam as chief of surgery in a surgical hospital; he was at Valley Forge General Hospital for eight months. He has been in service in many other hospitals since 1961. Since 1970 he has been in private practice in the Wilmington area. He is Board certified in surgery and is a member of many professional societies.

As to emergency room experience, Dr. Davies testified about such service (a) during his internship, (b) while on routine service during his residency (". . . our emergency room admissions were probably 40% of our total operative experience, so that we were often called to the emergency room daily, on a daily basis, . . ."), and (c) in Vietnam (". . . our hospital was a large emergency room . . ."). In his present practice Dr. Davies testified that he is called to the emergency room at the Medical Center "quite often—[i]n fact, probably once a week . . .". He testified that the calls he receives to the emergency room to see a specific patient provide a basis for him to judge "whether the emergency room is functioning in a reasonable manner". Presently he serves on a committee "to set up an emergency room or an emergency plan for the State of Delaware".

This evidence simply does not square with the comment of the Court below that ". . . Dr. Davies' knowledge of emergency room procedures, beyond that relating to his own field of specialty, is confined to a relatively short period of time which occurred six or seven years in the past and during a period of his own medical training."

As we read the evidence, it shows that Dr. Davies has had emergency room experience over a period of more than ten years, continuing to the date he testified; it shows that both by training and experience, past and current, Dr. Davies was familiar with emergency room care (examination, testing, diagnosis and treatment) to a degree which gives his opinion status for testimonial purposes. In short, it shows that he was knowledgeable, in the expert sense, of practices in 1968 and, hence, was qualified to state an opinion as to the standard of care. The value of his testimony, particularly when it was challenged medically by plaintiff's expert, was a jury question.

The Court below was also in error in rejecting the evidence because Dr. Davies' training and experience was in hospitals outside the Wilmington area. He has had weekly emergency room experience as a surgeon in Wilmington between 1970 and the date of trial sufficient to establish his familiarity with local practice in late 1968. Compare Turner v. Stoker, Tex.Civ.App., 289 S.W. 190 (1926). We point out that this is not a case where there is a choice among operative techniques and there is a specific necessity for an expert to know local practice. Compare DiFilippo v. Preston, Del.Supr., 3 Storey 539, 173 A.2d 333 (1961).

The Trial Judge relied upon a recent decision by the Superior Court in Peters v. Gelb, 303 A.2d 685 (1973) (now on appeal to this Court). We express no view as to that case but we note from the Superior Court opinion that the doctor who testified had not performed a vasectomy for fifteen or twenty years and had been totally retired from surgical practice for some six years. On those facts the Superior Court determined that the doctor lacked "current expertise". The cases are not comparable.

\* \* \*

In our view to say that Dr. Davies' emergency room expertise is insufficient to qualify him to testify at all exceeds the bounds of reason in view of the circumstances. Since the order below stands on that conclusion it must be reversed under a mandate to enter judgment for defendant in accordance with the verdict of the jury.