**Mildred LOFTUS and Donald A. Loftus, her husband, Plaintiffs,**

v.

**Richard C. HAYDEN, M.D. and the Wilmington Medical Center, Inc., a corporation of the State of Delaware, Defendants.**

Superior Court of Delaware, New Castle County.

Submitted Sept. 2, 1977.

Decided Sept. 23, 1977.

C. Waggaman Berl, Jr., Wilmington, for plaintiffs.

Warren B. Burt of Prickett, Ward, Burt & Sanders, Wilmington, for defendants.

TAYLOR, Judge.

Plaintiffs claim damages for injuries which they allege occurred during performance of a laparoscopy by defendant Dr. Richard C. Hayden, at the Wilmington Medical Center. In support of their contention that the injuries were caused by negligence on the part of Dr. Hayden, plaintiffs propose to rely upon expert testimony of Dr. H. Barry Jacobs, whose deposition has been taken. No other expert testimony will be offered by plaintiffs. In view of the significance of this testimony to the outcome of the case, the question of the admissibility of Dr. Jacobs' deposition under Delaware law has been submitted to the Court as a pre-trial issue.

18 Del.C. § 6854 provides:

"No person shall be competent to give expert medical testimony as to applicable standards of skill and care unless such person is familiar with that degree of skill ordinarily employed in the communi-

ty or locality where the alleged malpractice occurred, under similar circumstances, by members of the profession practiced by the health care provider; provided, however, that any such expert witness need not be licensed in the State."

This section was enacted as a part of a new law dealing with the subject of medical malpractice action which became effective April 26, 1976. 60 Del.Laws Ch. 373. With respect to the applicability of the new law, 18 Del.C. § 6857 provides that it shall apply to pending actions "except to the extent that application of this chapter would not be feasible, or would work injustice." In Hooks v. Aikens, 1084 C.A. 1974 (Letter Opinion June 18, 1976, Christie, J.), Judge Christie held that in that case it would not work an injustice to require plaintiff to meet the new standard of expert proof in the trial of a case commenced in 1974. Similarly, in the present case, there has been no showing that an injustice would result from applying the new standard. Accordingly, the deposition of Dr. Jacobs must be tested according to the standard as it is found in 18 Del.C. § 6854.

Dr. Jacobs has been in practice since July, 1973 and practices in Washington, D. C. and northern Virginia. He is a Board certified general surgeon. In January, 1977 he went "throughout the Wilmington Medical Center, interviewed Dr. Belgrade, spoke to employees in the medical records and emergency rooms, and had met eight or nine other doctors in going through the hospital. He has reviewed many medical records which were submitted to him by plaintiff's attorney extending over a period of years, has looked through some of the journals 'that come out of Wilmington', has talked to medical students at Jefferson Hospital who train on a rotational basis in Wilmington. He has read the same journals and textbooks which are read by surgeons generally. Before commencing his internship, he interviewed at Jefferson Hospital in 1967. He served his internship at George Washington University Hospital in Washington."

In considering the sufficiency of Dr. Jacobs' qualifications, the limiting impact of § 6854 must be recognized. From the specific reference to competency it is clear that the statute intended an examination into the qualifications of the expert to meet this exacting standard before permitting his relevant testimony to be placed before a jury. This is, of course, in addition to the traditional professional qualifications which must be satisfied by a medical or surgical witness. By the terms of the statute, the expert must be familiar with the skill employed in the particular community where the alleged malpractice occurred. Hence, knowledge of practices in similar communities or in the country generally is no longer sufficient. Nor does the concept of medical universality apply where § 6854 is applicable without some showing of practices in the particular community. Compare Peters v. Gelb, Del.Supr., 303 A.2d 685 (1973), aff'd, Del.Supr., 314 A.2d 901 (1973).

It appears that the present statute was drafted by a "Medical Malpractice Legislation Study Committee" of the Delaware State Bar Association and was submitted in draft form to the Governor with a report. In commenting upon the proposed § 6854, the Committee's report stated as follows:

"This section thus constitutes an attempt to limit the effectiveness of the 'wandering experts' who find malpractice present in any medical procedure and who have somewhere in their background sufficient credentials to make them appear to be qualified experts. However, this section still permits the use of qualified experts not residing in the State of Delaware, recognizing the small nature of this State and the need to permit such expert testimony."

The new legislation was designed to exclude expert testimony except where the expert is "familiar with" the degree of skill ordinarily employed in the community.

Black's Law Dictionary defines "familiar" as the equivalent of the word "know", citing Smiley v. Lenane, 363 Ill. 66, 1 N.E.2d 213 (1936).

*Webster's New Collegiate Dictionary* (1976 Edition) includes in its definitions of "familiar", closely acquainted, frequently seen or experienced, and of every day occurrence. Similarly, see *Webster's Third New International Dictionary.* Familiar has been held to mean "well acquainted with" or "having knowledge of" facts. *Turner v. Loomis,* 146 Iowa 655, 125 N.W. 662 (1910).

Familiarity contemplates a close and extensive acquaintanceship with, a thorough knowledge of. Knowledge is recognized to refer to fact. *Eastern States Petroleum Co. v. Universal Products Co.,* 24 Del.Ch. 11, 3 A.2d 768, 775 (1939). First-hand knowledge by the witness is the generally accepted testimonial requisite. *McCormick on Evidence* 2d. The knowledge which is contemplated is first-hand knowledge, as distinguished from hearsay information.

■ In applying the statutory test, it must be borne in mind that the standard of care by which the conduct of the defendant is tested is the professional standard as it existed at the time the services were rendered. *Wilmington Medical Center, Incorporated v. Redden,* Del.Supr., 312 A.2d 625 (1973); *Peters v. Gelb,* supra. According to the complaint in this case, the services complained of were rendered in approximately March, 1973. Hence, the familiarity must relate to the standard existing in the Wilmington area as of that time.

■ By definition an expert is one who is possessed of special skill or knowledge. 2 *Jones on Evidence* § 14:12, p. 613. The traditional manner in which one acquires the knowledge to qualify as an expert is through study and experience. 2 *Jones on Evidence* § 14:12, p. 612; 31 *Am.Jur.*2d Expert and Opinion Evidence § 27, pp. 525–6. This may be acquired through study or through "actual experience or long observation." Ibid.

■ It is recognized that an expert may acquire his expertise from a variety of sources, some of which may not represent first-hand observations by the expert, examples of which are treatises and lecture courses which represent the accepted end product of accumulation and assimilation of information. Mere conversations with members of the profession do not rise above the category of ordinary hearsay. Experience, direct observations by the witness personally in the community and study, all accumulated over a sufficient period of time to warrant acceptance as a general proposition must be the real "familiarity" of the expert. Matters described to an expert by those practicing in the profession in the community may be no more than confirmatory.

■ The competency of an expert witness must first be determined by the Court. 2 *Jones on Evidence* § 14:17, p. 629. It must be adjudged according to the particular facts and circumstances and the subject under consideration. "The competency of an expert witness 'is in every case a relative one, i. e., relative to the topic about which the person is asked to make his statement.' 2 *Wigmore on Evidence,* § 555, p. 634 (3d Ed. 1940)." *Peters v. Gelb,* Del.Supr., 314 A.2d 901, 903 (1973).

■ Here, according to the legislative mandate, that familiarity or knowledge must specifically relate to the Wilmington medical community. The testimony of Dr. Jacobs indicates brief contact in the community, examination of some medical records and conversations with a number of local practitioners, and some reading of local publications. This lacks the duration of exposure and actual participation or observation of the ways of the local profession which are necessary to provide the foundation of knowledge to qualify as familiarity with the degree of skill ordinarily employed by physicians in the Wilmington area in providing the type of care involved here which is required by 18 Del.C. § 6854. In my judgment, observation and experience of a day or a week does not establish the familiarity contemplated by the statute.

Accordingly, the testimony of Dr. Jacobs does not meet the test of competency as defined in 18 Del.C. § 6854 and will not be admitted.