Catherine A. DANKLEF, Petitioner,

v.

WILMINGTON MEDICAL CENTER,
Respondent.

Superior Court of Delaware,
New Castle County.

Resubmitted Jan. 14, 1981.

Decided March 26, 1981.

James M. Winfield of Levin, Spiller &
Goldlust, Wilmington, for petitioner.

William J. Wade of Richards, Layton &
Finger, Wilmington, for respondent.

TAYLOR, Judge.

Petitioner seeks a subpoena duces tecum
directed to Wilmington Medical Center
[Center] for production of the file of the
Center relating to the operation performed

by Peter A. Bassett, D.D.S. on Catherine A. Danklef on August 8, 1974 and the notes, memoranda, records, and correspondence, reports and photographs relating to an investigation conducted by the Center's Credentials Committee concerning that operation. The production is sought for use in conjunction with a proposed deposition of the Center in connection with litigation brought by petitioner against Dr. Bassett in the District Court in and for the County of LaPlata, Colorado. The Center opposes the petition insofar as it seeks to obtain the papers relative to the investigation by the Center's Credentials Committee. The Center does not oppose the production of the medical records pertaining to the operation performed by Dr. Bassett upon petitioner.

The Center's position is that the proceedings of the Credentials Committee are confidential by virtue of 24 *Del.C.* § 1768(b) which provides:

> (b) The records and proceedings of any such committees or organizations as described in subsection (a) of this section shall be confidential and shall be used by such committees or organizations and the members thereof only in the exercise of the proper functions of the committee or organization and shall not be public records and shall not be available for court subpoena or subject to discovery; and no person in attendance at a meeting of any such committee or organization shall be required to testify as to what transpired thereat. No physician, hospital, organization or institution furnishing information, data, reports or records to any such committee or organization with respect to any patient examined or treated by such physician or confined in such hospital or institution shall, by reason of furnishing such information, be liable in damages to any person or subject to any other recourse, civil or criminal. (24 Del.C. 1953, § 1768; 57 Del.Laws, c. 492; 59 Del.Laws, c. 50; 58 Del.Laws, c. 226; 60 Del.Laws, c. 462, § 3; 62 Del.Laws, c. 90, § 2).

The committees and organizations referred to in subsection (b) are defined in subsection (a) as follows:

> (a) The Board of Medical Practice, the Medical Society of Delaware, their members, or the members of any committees appointed thereby, and members of hospital and osteopathic medical society committees, or of a professional standards review organization established under federal law (or other peer review committee or organization), whose function is the review of medical records, medical care and physicians' work, with a view to the quality of care and utilization of hospital or nursing home facilities, home visits and office visits shall not be subject to, and shall be immune from, claim, suit, liability, ...

Two issues have been raised by the memoranda. The first is whether the above-quoted provisions, which were enacted by 60 *Del.Laws* Ch. 462, effective June 14, 1976, protect proceedings which occurred before the section was enacted, and the second is whether entitlement to this subpoena duces tecum is governed by Delaware law or by Colorado law.

## I

With respect to the contention that 24 *Del.C.* § 1768 was enacted after these proceedings before the Credentials Committee, petitioner contends that the section does not protect prior proceedings since there is no language in the statute indicating an intention to give retroactive effect to the section. Petitioner asserts that under the holding of the Supreme Court in *Monacelli v. Grimes*, Del.Supr., 99 A.2d 255 (1953) the petitioner's substantive right to have protection of such material should not be extinguished by the subsequent enactment. At the outset, it should be noted that the principle for which *Monacelli v. Grimes*, supra, is cited applies only with respect to substantive rights and that statutes which are procedural in nature will be given effect in pending proceedings even in the absence of legislative language indicating an intent to give retroactive effect to the statute. 73 *Am.Jur.2d* Statutes § 355, p. 490; 19 *A.L.R.3d* 138. The Delaware Supreme Court in *Eudaily v. Harmon*, Del.

Supr., 420 A.2d 1175 (1980) discussed the true meaning of *Monacelli v. Grimes* and concluded that *Monacelli* merely held that the procedure for service of process which was set forth in the amendatory statute denied the defendant a substantive right guaranteed under the constitutional principle of due process and that it did not align Delaware with the minority of States which bar the application of a statute to a cause of action which predated the statute.

In considering whether the statutory provision which bars disclosure of the Committee proceedings had a substantive effect upon petitioner's suit against the doctor, it is appropriate to consider its relationship to petitioner's trial evidence. The petitioner is free to develop and present all facts pertaining to the relationship of petitioner and the physician, the nature of the condition, the nature of the procedure followed by the physician and the results of the operation. Petitioner is not deprived of the opportunity to develop through sources other than the records of the Committee proceeding the names of those who have knowledge or information concerning the subject matter of this suit. She is not deprived of the opportunity to take appropriate discovery from those persons having personal knowledge or information of facts relevant to the case. At most, she is deprived only of the opportunity to examine the record of testimony which was given at the Committee proceedings and the findings of the Committee.

In *Samuelson v. Susen*, 3 Cir., 576 F.2d 546, 552 (1978), the Court of Appeals for the Third Circuit had occasion to consider the effect of an Ohio statute containing a provision similar to § 1768. Chief Judge Seitz observed:

> [the statute] has a nonprocedural purpose. It has both procedural and nonprocedural aspects. We are reminded that "neither 'substance' nor 'procedure' represents the same invariants. Each implies different variables depending upon the particular problem for which it is used." *Guaranty Trust Co. v. York*, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945).

In the context of these proceedings, § 2305.251 works to keep possibly relevant and otherwise admissible evidence from the trier of facts, and is thus clearly procedural. It does not impair the substantive law of defamation, or the substantial right of the plaintiff to bring a cause of action thereon. Therefore, it may be invoked by these deponents even though this action was commenced prior to the effective date of the statute.

It is noted that in *Samuelson*, as in this case, the statute which created the privilege was enacted after the proceeding which is sought to be protected. The Court in *Samuelson* considered contentions similar to those presented here and concluded that retroactive application of the privilege did not violate plaintiff's rights.

Finally, it is noted that the present suit was filed after the enactment of § 1768. Therefore, § 1768 has been in effect during the entire Colorado litigation and petitioner has not been deprived of an opportunity which she could have asserted at an earlier stage in the Colorado litigation. Cf. *Hess v. Carmine*, Del.Super., 396 A.2d 173 (1978).

Petitioner's contention that the prospective application of § 1768 would deprive a person of access to the courts and would deny the right to a full hearing in violation of Article I § 9 of the Delaware Constitution is not supported by authority and, in view of the discussion above, does not bear further comment.

It is noted that in the area of medical malpractice litigation, Delaware has legislatively redefined the admissibility of expert testimony at trial and has specifically provided that that statute would apply to cases which were then pending. These statutory provisions have been applied by Delaware Courts. *Loftus v. Hayden*, Del.Supr., 391 A.2d 749 (1978); affirming *Loftus v. Hayden*, Del.Super., 379 A.2d 1136 (1977); *Register v. The Wilmington Medical Center*, Del.Super., C.A. 675, 1973 (Opinion November 3, 1978, Walsh, J.).

It does not appear that a party is entitled to protection against a change in the Rules

of Evidence. Hence, a change of the Rules of Evidence subsequent to the occurrence which is the subject of the litigation may properly be applied to a subsequent trial. *Hess v. Carmine*, supra; *Warren v. Waterville Urban Renewal Authority*, Me.Supr., 235 A.2d 295 (1967); *Samuelson v. Susen*, supra. Cf. *Delaware Uniform Rules of Evidence* Rule 1103.

I conclude that the privilege created by 24 *Del.C.* § 1768 applies to on-going proceedings even though the cause of action predated enactment of the privilege.

## II

The remaining issue is whether the issuance of this subpoena duces tecum should be governed by Delaware law or Colorado law. Colorado has also enacted a statute which protects proceedings and records of professional review committees, but by its terms it applies only to professional proceedings occurring after July 1, 1977. If Colorado law governs, the proceedings of the Credentials Committee would not be protected. No Delaware or Colorado decision has been cited dealing with the question of which State statute should govern in a situation such as that presented here.

*Restatement Second of Conflict of Laws* provides § 139(2):

Evidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law of the forum will be admitted unless there is some special reason why the forum policy favoring admission should not be given effect.

This addresses the considerations which the trial court would utilize in determining the admissibility of communications which are privileged under the law of the State where the communication was made. It does not deal with action by a court of the State where the privilege exists.

The Comment on Subsection 2, § 139, which also focuses on the considerations to be given by the forum states:

Among the factors that the forum will consider in determining whether or not to admit the evidence are (1) the number and nature of the contacts that the state of the forum has with the parties and with the transaction involved, (2) the relative materiality of the evidence that is sought to be excluded, (3) the kind of privilege involved and (4) fairness to the parties.

Applying these considerations to the present case, it does not appear that Colorado has any substantial contact with the plaintiff's cause of action (other than being a suit in which personal jurisdiction could be obtained over defendant and possibly being the present residence of plaintiff), since the transaction occurred in Delaware, both parties were present in Delaware at the time of the occurrence. At best the evidence, if admissible, is secondary and the facts of the occurrence apparently could be proved by direct evidence not involving the privileged material. There has been no showing that the application of this statute would result in injustice to petitioner.

The reporter's note following § 139 states:

An analogous problem may arise when a deposition is sought to be taken in a state other than the state of trial. To date, the courts of the deposition state have refused to admit evidence of a communication privileged under their local law, but it would appear that in all of these cases the deposition state was also the state of most significant relationship with the communication. *Palmer v. Fisher*, supra; *Ex parte Sparrow*, supra; *Matter of Walsh*, 40 Misc.2d 413, 243 N.Y. S.2d 325 (Sup.Ct.1963); *Application of Queen*, 233 N.Y.S.2d 798 (Sup.Ct.1962); *Matter of Franklin Washington Trust Co.*, 1 Misc.2d 697, 148 N.Y.S.2d 731 (Sup. Ct.1956); cf. *Application of Cepeda*, supra. See also Note, 2 U.Chi.L.Rev. 704 (1956).

This appears to be a correct principle in a case such as this. Under the facts of this case I conclude that Delaware is the State of the most significant relationship with the transaction which is the heart of plaintiff's

suit and that therefore the legislative policy of this State should be applied in determining the question of privilege.

24 *Del.C.* § 1768 was enacted by 60 *Del.Laws* Ch. 462 as a part of a comprehensive revision of the statute which governs the practice of medicine, surgery and osteopathy bearing the title Delaware Medical Practices Act. It was designed to govern the rights and responsibilities of the practice of medicine and provided for establishment and enforcement of professional standards and in the furtherance thereof provided confidential protection for the records and proceedings of Committees charged with professional standards, review and enforcement as well as civil and criminal protection for those performing those functions. The focus of this statute is upon those who are providing medical services in the State of Delaware. I conclude that this statute establishes a policy with respect to the medical profession in Delaware which is fundamental to the conduct of the profession and that it is in the interest of the proper administration of standards of professional conduct in this State that the confidentiality of medical committee proceedings be preserved without exception. Applying the standards that are enumerated in the Comment on Subsection (2) of § 139 of *Restatement Second of Conflict of Laws,* I conclude that there is an overriding interest in this State in the protection of the members of its medical profession which should cause this Court to apply the restraints of 24 *Del.C.* § 1768 to bar the disclosure of proceedings and records of a Committee functioning in Delaware dealing with professional services rendered in Delaware. Cf. *Samuelson v. Susen,* supra.

I conclude that this Court should apply Delaware law in determining whether the subpoena duces tecum should issue and that 24 *Del.C.* § 1768 bars production of the records of the Center's Credentials Committee.

### III

An order has been entered granting a subpoena duces tecum for production of the Center's file relating to the operation performed by Dr. Bassett on plaintiff at the Center on August 8, 1974. Based on the foregoing considerations, insofar as the petition seeks papers and records of the Credentials Committee the petition is denied. IT IS SO ORDERED.