Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 02 2013, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES E. AYERS**
Wernle, Ristine & Ayers
Crawfordsville, Indiana

ATTORNEYS FOR APPELLEE:

**WILLIAM W. DRUMMY**
**HOLLY A. REEDY**
Wilkinson, Goeller, Modesitt, Wilkinson &
Drummy, LLP
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CAROLYN (HANSEN) MILLER,      )
                             )
   Appellant-Plaintiff,      )
                             )
      vs.      )   No. 67A01-1301-PL-13
                             )
ROBIN MENDELSOHN, M.D.,       )
                             )
   Appellee-Defendant,      )

APPEAL FROM THE PUTNAM CIRCUIT COURT
The Honorable Michael Rader, Special Judge
Cause No. 67C01-0901-PL-56

**August 2, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Carolyn (Hansen) Miller appeals a verdict entered in favor of Robin Mendelsohn, M.D., after a jury trial, on her claim for medical malpractice. Miller raises several issues, which we restate as follows: 1) whether the trial court abused its direction by denying her motion for continuance of the jury trial based on her counsel's medical condition; 2) whether the trial court abused its discretion by denying her motion for mistrial based on her counsel's medical condition; and 3) whether there was a violation of her due process rights. Concluding there was no abuse of discretion or due process violation, we affirm.

## Facts and Procedural History

Mendelsohn, an orthopedic surgeon, performed surgery on Miller in January 2005. In January 2009, Miller filed a complaint against Mendelsohn, alleging that she failed to use the ordinary skill, care, and diligence used by similar healthcare providers and was therefore negligent. After the trial date was continued several times and the presiding judge recused himself, a special judge was assigned to the case and the jury trial was set for Monday, October 1, 2012.

On Friday, September 28, Miller's counsel contacted the judge's court reporter to request a continuance. The judge spoke to the attorneys from both sides that afternoon and informed them that the motion for continuance would be heard on Monday morning prior to the trial. On October 1, Miller's counsel filed a written motion for continuance and the court heard arguments on the motion. Counsel explained that his co-counsel was out-of-state due to a family emergency and presented a note from his doctor stating that he was diagnosed

with "urinary tract infection with incidental headache and other cold symptoms." Appellant's App. at 22. The note further stated that he had been prescribed a ten-day course of antibiotic and that the physician hoped his symptoms would improve by the fourth or fifth day. Mendelsohn's counsel objected to the motion, noting, in part, that the case had been continued before and delayed for a long time and that Mendelsohn had cancelled her appointments for the entire week in anticipation of the trial. The court ultimately denied the motion and stated the following:

> Okay. Um, it seems to me is what's fair here is to weigh your discomfort against um the substantial costs to the Defendants if we continue this. I, I think the best way to handle this is to go ahead and at least choose the jury today. We can have some opening statements and then maybe reassess and see where we are at, but I think to continue this is I think under the circumstances with what I am seeing here with these affidavits is probably not, um, not reasonable. So motion to continue is denied. Let's go, uh, let's go work on choosing this jury.

Transcript at 5. The trial commenced and a jury was selected.

On the morning of October 2, Miller's counsel made an oral motion for a mistrial. He informed the court that he had been to the hospital the night before and was diagnosed with prostatitis and urinary retention. Mendelsohn's counsel objected to the motion, asserting that opposing counsel had functioned well the day before and had even scheduled a deposition that evening. The court informed Miller's counsel that "your client is certainly entitled to her day in court and of course entitled to have you fully competent," id. at 15, but ultimately denied the motion, stating the following:

> Okay, well I'm trying to find some kind of compromise here that is fair to both sides. It's just this has been pending so long and um. Well I think that's, I'm going to deny the motion for mistrial and uh we'll, we'll go ahead with um, um,

3

this plan to read depositions and show video depositions out of order, um and then try to reassess where you are tomorrow.

Id. at 18. The trial continued over the next few days and the jury returned a verdict in favor of Mendelsohn on October 4. Miller filed a motion to correct error based on the trial court's denial of her motions for a continuance and mistrial. However, the trial court denied the motion in an order stating, in part:

> The Court finds that Counsel [for Miller] was attentive, competent, and effective in presenting his case to the jury. The Court further finds the medical excuses provided to the Court were at best superficial and conclusory. There is nothing in the record supporting Plaintiff's Motion to Correct Error. The Motion is little more than a request for a second bite at the apple.

Appellant's Appendix at 42. Miller now appeals.[1] Additional facts will be provided as necessary.

## Discussion and Decision

### I.    Motion for Continuance

#### A. Standard of Review

"Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." Ind. Trial Rule 53.5. The decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court. Thompson v. Thompson, 811 N.E.2d 888, 907 (Ind. Ct. App. 2004), trans. denied. An abuse of discretion may be found in the denial of a motion

---

[1] Mendelsohn filed a motion to strike portions of Miller's appendix pursuant to Indiana Appellant Rule 42. Miller has responded to that motion; however her response and reply brief were filed a few days after the deadline and she therefore subsequently filed a verified motion to file these items belatedly. While we hereby grant Miller's motion to file her response and reply brief belatedly, in light of our holding affirming the trial

for continuance when the moving party has shown good cause for granting the motion. Id. at 907-08. However, no abuse of discretion will be found when the moving party has not demonstrated the he or she was prejudiced by the denial. Id. at 908.

### B. Denial of Miller's Motion for Continuance

Miller argues that the absence of one of her counsel and the medical condition of her other counsel established good cause for continuance of trial, and that the trial court was therefore required to grant her October 1 motion for a continuance. We disagree.

The trial court was faced, on the morning of trial, with two competing interests: Miller's right to be represented by effective counsel balanced against the costs and inconvenience of rescheduling the trial for the other party. The court was within its province when it balanced these competing interests and decided to move forward with jury selection and reassess the situation the second day. See id. (holding that the trial court was within its discretion when it denied a motion for continuance due to the competing interests of the parties but confined the hearing to certain issues).

Moreover, beyond vague allegations that she was denied due process and her right to a fair trial, Miller does not explain how she was prejudiced by the court's decision to deny her motion. See Danner v. Danner, 573 N.E.2d 934, 937 (Ind. Ct. App. 1991) (finding no abuse of discretion when the trial court denied a motion for continuance because the party's conclusory allegations failed to show prejudice), trans. denied. In fact, the trial court found that Miller's counsel was "attentive, competent, and effective in presenting his case to the

court, we deny the motion to strike without reaching the merits therein.

5

jury." Appellant's App. at 42. This is in contrast to the out-of-state cases cited by Miller where counsel was unable to proceed with trial and the trial court's denial of a continuance was reversed on appeal. See Nowaczyk v. Welch, 245 N.E.2d 894, 896-97 (Ill. App. Ct. 1969) (case dismissed for want of prosecution due to attorney being physically unable to try the case); Turner v. Loomis, 125 N.W. 662, 663 (Iowa 1910) (default judgment entered due to attorney absence); see also Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co., 423 F.2d 842, 845 (5th Cir. 1970) (finding the case fit within the exception to the general rule that the refusal of a continuance is a matter of judicial discretion because "principal counsel was ill, local counsel was relatively unprepared, the time for continuance was short, and the case was complicated."). We therefore hold that the trial court did not abuse its discretion by denying Miller's motion for a continuance.

## II. Motion for Mistrial

### A.    Standard of Review

The trial court's determination of whether to grant a mistrial is afforded great deference on appeal because the trial court is in the best position to evaluate the relevant circumstances of an event. City of Indianapolis v. Taylor, 707 N.E.2d 1047, 1058 (Ind. Ct. App. 1999), trans. denied. To prevail on appeal from the denial of a motion for mistrial, the moving party must demonstrate that he was placed in a position of grave peril to which he or she should not have been subjected. Id. Mistrial is an extreme remedy to be granted only when no other less drastic measure can rectify the perilous situation. Id.

6

B.      Denial of Miller's Motion for Mistrial

Miller also contends that the trial court abused its discretion by denying her motion for continuance and mistrial on October 2 for similar reasons discussed above. Once again, we disagree.

The relevant inquiry when analyzing the issue of whether the moving party was placed in a position of grave peril is "the probable persuasive effect . . . on the jury's decision." Id. at 1059. As noted above, the trial court found that Miller's counsel was "attentive, competent, and effective in presenting his case to the jury." Appellant's App. at 42. Miller was therefore not placed in a position of grave peril. Moreover, the court devised an alternative resolution to rectify the situation. It allowed the parties to proceed with recorded testimony, albeit out of order, so that Miller's counsel could leave to see his doctor. Moreover, it was agreed upon by both parties that if Miller's counsel was not present in the courtroom during the playing of the video testimony, Mendelsohn's counsel would likewise leave the courtroom. In sum, there was no abuse of discretion in the denial of Miller's motion for a mistrial.

III.      Due Process

Finally, Miller contends that the trial court erred because the judge used his own medical knowledge in ruling on her motions for continuance and mistrial, constituting a violation of her due process rights. First, we note that there is no evidence that the judge used his own medical knowledge in ruling on Miller's motions. Moreover, Miller relies on the case of Nowaczyk, 245 N.E.2d at 462, for the proposition that a court's determinations

are limited to the record before it.  However, in that case, the trial court had conducted its own private investigation and arranged for a medical doctor to examine counsel, who was allegedly ill, and report his findings to the court.  Id. at 455.  Here, there is no allegation that trial court conducted its own private investigation.  Instead, the record demonstrates that the court examined the testimony and affidavits before it and found that the "medical excuses provided to the Court were at best superficial and conclusory."  Appellant's App. at 42.  We hold that there was no due process violation.

## Conclusion

The trial court did not abuse its discretion by denying Miller's motion for continuance or her motion for mistrial.  Further, there was no due process violation.  We therefore affirm the jury verdict entered in favor of Mendelsohn.

Affirmed.

RILEY, J., and KIRSCH, J., concur.